1    KENDALL BRILL & KLIEGER LLP
     Bert H. Deixler (70614)
2    Nicholas F Daum (236155)
     *ndaum@kbkfirm.com*
3    10100 Santa Monica Blvd., Suite 1725
     Los Angeles, California 90067
4    Telephone: 310.556.2700
     Facsimile: 310.556.2705
5

6    Attorneys for Plaintiff City of Summerside

7

8                 **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11

12    CITY OF SUMMERSIDE, Prince Edward     Case No. CV11-00338-EJD
     Island, Canada,

13                Plaintiff,          **[~~PROPOSED~~] STIPULATED JUDGMENT**

14         v.                    Hon. Edward J. Davila

15    KATRINA BERG SUSSMEIER, MARK     Crtrm.: 1
     LAMICA, QUINCY KRASHNA, as

16    individuals, STARLINK PRODUCTIONS,     Trial Date:       Not set
     LLC, STARLINK PRODUCTIONS, INC.

17             Defendants.

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

131699.1

CV11-00338-JF

Plaintiff City of Summerside and Defendants Katrina Berg Sussmeier, StarLink Productions, L.L.C. and StarLink Productions Inc., having (a) reached a settlement agreement and having agreed upon a stipulation of judgment, which has been filed with the Court and attached as Exhibit A hereto, and (b) having also agreed upon a stipulation of judgment in the related bankruptcy matter, Case No. 12-05161, currently pending in the United States Bankruptcy Court for this District, and good cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Pursuant to the parties' stipulation and settlement agreement, Judgment is entered in favor of the Plaintiff City of Summerside.  Defendant Katrina Berg Sussmeier has not admitted fault, and has agreed to this Stipulated Judgment in an effort to resolve this matter without the expense and burden of trial.

2.      The Sussmeier Defendants shall not pay monetary damages to Plaintiff at this time as a result of this Judgment.

3.      The Settlement Agreement filed by the parties and attached hereto contains certain re-opening and tolling provisions, notably within Paragraph 6 thereto, and this Judgment shall not prevent or preclude any party from enforcing the Settlement Agreement, including the re-opening and tolling provisions.

Dated:   _____9/24/2013_____          _____
                                          Hon. Edward J. Davila
                                          Judge, United States District Court

**STIPULATED AND AGREED TO BY:**

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

131699.1                                    1                                    CV11-00338-JF
[PROPOSED] STIPULATED JUDGMENT

Case: 12-05161    Doc# 15    Filed: 04/12/13    Entered: 04/12/13 16:24:02    Page 14 of 16

1  Dated: 12 April , 2013                    KENDALL BRILL & KLIEGER LLP

2

3

4  By: _____

5                                            Nicholas F. Daum
                                             Attorneys for Plaintiff City of Summerside
6

7  Dated: 9 Apr , 2013                       KATRINA BERG SUSSMEIER

8

9  By: _____

10                                           Katrina Berg Sussmeier
                                             Individually and on behalf of StarLink
11                                           Productions, LLP and StarLink
                                             Productions, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067                131699.1                    2                    CV11-00338-JF
                                          [PROPOSED] STIPULATED JUDGMENT

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


CITY OF SUMMERSIDE,

               Plaintiff,

  v.

KATRINA BERG SUSSMEIER, ET AL.

               Defendant.

————————————————————/

Case Number: CV11-00338 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Katrina Berg Sussmeier
5062 Honeymoon Bay Road
Freeland, WA 98249

Dated: September 24, 2013

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk

## SETTLEMENT AGREEMENT
## AND AGREEMENT TO STIPULATED JUDGMENT

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made and entered into by and between the City of Summerside, Prince Edward Island, Canada ("Summerside"), on the one hand, and (a) Katrina Berg Sussmeier ("Sussmeier"), and (b) StarLink, LLC, and StarLink, Inc. (collectively, the "StarLink Entities") (Sussmeier and the StarLink Entities are referred to collectively herein as the "Sussmeier Defendants"), on the other hand.  Summerside and the Sussmeier Defendants are referred to in this Settlement Agreement individually as "Party" and collectively as the "Parties."

WHEREAS, Summerside brought an action (the "Action") pending in the United States District Court for the Northern District of California, Case No. 11-CV-00338, against the Sussmeier Defendants in connection with claims (the "Claims") concerning a purported "Michael Jackson Tribute Show" (the "Tribute Show") to be held in Summerside;

WHEREAS, following a petition pursuant to Chapter 7 of the United States Bankruptcy Code filed by Sussmeier and her husband in the Northern District of California (Case No. 12053441) , Summerside filed an action in the United States Bankruptcy Court for the Northern District of California, Case No. 12-05161 (the "Bankruptcy Action"), seeking a declaration that Summerside's claims against Sussmeier are non-dischargeable debt in bankruptcy pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6);

WHEREAS, Sussmeier hereby represents and warrants that she has significant liabilities (aside from and unrelated to the Claims and/or the Action) in excess of existing or known assets, that she received no more than $25,000.00 in connection with the Tribute Show, which monies have already been spent, and further represents and warrants that neither she nor the Sussmeier Entities has any reasonable possibility of obtaining assets sufficient to repay $25,000.00 or the full amount of alleged liability in connection with the Tribute Show (that is, $1.3 million) to Summerside, whether now or in the near future;

WHEREAS, Sussmeier represents and warrants that she now believes that defendants Mark Lamica ("Lamica") and Quincy Krashna ("Krashna") are primarily responsible for defrauding the City of Summerside in connection with the Tribute Show, and further agrees to assist Summerside in locating Lamica and Krashna and obtaining all appropriate legal remedies against those defendants, including assisting Summerside in recapturing the funds it expended in connection with the Tribute Show;

WHEREAS, the parties have stipulated to a judgment in the Action in the form attached hereto as Exhibit A;

WHEREAS, in connection with this Settlement Agreement and in order to effectuate this Settlement Agreement, Sussmeier agrees that the claims brought by Summerside in the Action are non-dischargeable in bankruptcy, and the Parties have agreed to a stipulated judgment of non-dischargeability in the Bankruptcy Action in the form attached hereto as Exhibit B;

NOW THEREFORE, in consideration of the terms and conditions set forth in this Settlement Agreement, the Parties agree as follows:

### 1.   Representations and Warranties of the Sussmeier Defendants

1.1   Sussmeier represents and warrants that she currently has significant liabilities (aside from and unrelated to the Claims and/or the Action) in excess of existing or known assets, that she received no more than $25,000.00 in connection with the Tribute Show, which monies have already been spent, and further represents and warrants that neither she nor the Sussmeier Entities has any reasonable possibility of obtaining assets sufficient to repay $25,000.00 or the full amount of alleged liability in connection with the Tribute Show (that is, $1.3 million) to Summerside, whether now or in the near future.

1.2   Sussmeier, on behalf of the StarLink Entities, represents and warrants that the StarLink Entities are sole proprietorship entities exclusively controlled by her, that she has full and exclusive authority to act on behalf of the StarLink Entities, that the StarLink Entities obtained no assets other than those obtained by Sussmeier in connection with the Tribute Show, and that they, like Sussmeier, have no reasonable possibility of obtaining in the near future assets sufficient to repay either the approximately $25,000.00 obtained by Sussmeier in connection with the Tribute Show, or the full amount of liability incurred by Summerside in connection with the Tribute Show;

1.3   Sussmeier, in her own capacity and on behalf of the StarLink Entities, represents and warrants that she (a) does not have current information as to the location of defendants Lamica and Krashna and (b) does not have current information as to the location of the funds expended by Summerside in connection with the Tribute Show.

1.4   Sussmeier, in her own capacity and on behalf of the StarLink Entities, admits and acknowledges that she now understands that the Tribute Show  had no basis in reality, and that Lamica and Krashna had no realistic ability, at any relevant time, to provide the Tribute Show to Summerside.

### 2.   Agreement of Sussmeier to Provide Assistance in Pursuing Lamica and Krashna

2.1   Sussmeier, in exchange for and in consideration of the release herein, agrees that she will lend her full assistance to Summerside in any and all efforts by Summerside to obtain a recovery from Lamica and Krashna in connection with the events at issue in the Action.  Such assistance will be provided at the request of Summerside, and may be exercised at Summerside's sole discretion, and will be provided by Sussmeier without need for compulsion by any Court or legal process, including a subpoena or written discovery request.  The assistance to be provided includes the following:

a.   Sussmeier agrees to appear and testify at any trial, deposition, hearing, or other proceeding related to the Action or the Claims;

b.   Sussmeier agrees to provide consultation and other assistance to Summerside's attorneys concerning Lamica and Krashna;

c.      Sussmeier agrees to produce all documents and other evidence, to the extent not already produced, that may be relevant to Summerside in pursuing claims against Lamica and Krashna;

d.      Sussmeier agrees to avoid making any public comment related to the Action or the Claims that could harm Summerside's efforts to recover from Lamica and Krashna or that is disparaging of or detrimental to Summerside;

e.      Sussmeier agrees to submit to the jurisdiction of any Court selected by Summerside, whether the Northern District of California or elsewhere, in its efforts to enforce claims against Lamica and Krashna.

3.      **Agreement to Stipulated Judgment in the Action**

3.1     In explicit reliance upon the representations and warranties in the foregoing Paragraph 1 above, the agreement to provide assistance in Paragraph 2, and subject to the reopening and tolling provisions of Paragraph 6, Summerside agrees to a final stipulated judgment (the "Stipulated Judgment") in the Action in the form attached hereto as Exhibit A, under which Judgment in the Action will be entered in favor of Summerside, but without Summerside obtaining monetary damages from Sussmeier.

3.2     Sussmeier agrees to the Stipulated Judgment in the form attached hereto as Exhibit A.

3.3     The parties will take all reasonable measures to obtain entry of the Stipulated Judgment by the Court.  Neither party shall appeal or otherwise challenge the Stipulated Judgment, except insofar as necessary to enforce this Settlement Agreement, including the reopening and tolling provisions of Paragraph 6.

3.4     Should the Court, for any reason, refuse to enter the Stipulated Judgment in the form attached hereto as Exhibit A, the parties will endeavor to submit a modified Stipulated Judgment that substantially conforms with this Settlement Agreement, including all Exhibits thereto.

4.      **Agreement to Stipulated Judgment in the Bankruptcy Action**

4.1     In connection with this Settlement Agreement, Sussmeier expressly agrees that the Claims, and/or any relief obtained by Summerside in relation to the Claims or the Action, are non-dischargeable by her in bankruptcy, and has voluntarily withdrawn and exempted those claims from any discharge of debt.  Sussmeier further admits and agrees that she will not seek to have the Claims discharged, in any manner, through the application of the Bankruptcy Code.  Sussmeier expressly waives any right, claim, legal remedy, or other avenue for  relief in any Bankruptcy Court in the United States in any manner that would allow her to obtain a discharge of the Claims or her obligations under this Settlement Agreement.  Sussmeier further agrees to a final stipulated judgment in the Bankruptcy Action (the "Bankruptcy Stipulated Judgment") in the form attached hereto as Exhibit B.

4.2     Summerside agrees to the Stipulated Bankruptcy Judgment in the form attached hereto as Exhibit B.

       4.3     The parties will take all reasonable measures to obtain entry of the Stipulated Bankruptcy Judgment by the Court.  Neither party shall appeal or otherwise challenge the Stipulated Bankruptcy Judgment, except  insofar as necessary to enforce this Settlement Agreement.

       4.4     Should the Court, for any reason, refuse to enter the Stipulated Bankruptcy Judgment in the form attached hereto as Exhibit B, the parties will endeavor to submit a modified Stipulated Bankruptcy Judgment that substantially conforms with this Settlement Agreement, including all Exhibits thereto.

## 5.      **Mutual Releases**

       5.1     Only after both (a) the Stipulated Judgment and (b) the Stipulated Bankruptcy Judgment have become final, and subject to and without waiver of the reopening provisions of Paragraph 6, Summerside, on behalf of itself and on behalf of each of its predecessors, successors, employees, representatives, agents, attorneys, insurers, and assigns, and each of them ("Summerside Releasing Parties") agrees to knowingly and voluntarily release and discharge the Sussmeier Defendants and their predecessors, successors, parents, subsidiaries, and each of their representatives, agents, attorneys, insurers, and assigns, and each of them ("Sussmeier Releasees") from any and all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments, orders, and liabilities of whatever kind or nature in law, equity, or otherwise, arising out of, based upon, or related to the Claims.  For clarification purposes, this release shall in no way apply to Defendants Mark Lamica, Quincy Krashna, or any other Defendant in the Action aside from the Sussmeier Releasees.

       5.2     Only after both (a) the Stipulated Judgment and (b) the Stipulated Bankruptcy Judgment have become final, and subject to and without waiver of the reopening provisions of Paragraph 6 below, the Sussmeier Defendants, on behalf of themselves and on behalf of each of their predecessors, successors, parents, subsidiaries, and affiliated or related companies, and each of their respective partners, employees, representatives, agents, attorneys, insurers, and assigns, and each of them ("Sussmeier Releasing Parties") hereby knowingly and voluntarily fully and forever releases and discharges Summerside and its predecessors, successors, employees, representatives, agents, attorneys, insurers, and assigns, and each of them ("Summerside Releasees") from any and all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments, orders, and liabilities of whatever kind or nature in law, equity, or otherwise, whether now known or unknown, suspected or unsuspected, arising out of, based upon, or related to the Claims.

## 6.      **Reopening and Tolling Provisions**

       6.1     In the event that Summerside discovers, by any means, that (a) the Representations and Warranties in Paragraph 1 above are not accurate or (b) the Sussmeier Defendants, or any of them, have obtained and/or retained assets deriving from the Tribute Show or Summerside in excess of the $25,000.00 described in Paragraph 1 above, then:

a.    Sussmeier agrees to pay, will become immediately liable for, and will take all reasonable steps to promptly ensure, a payment in the amount of $25,000.00 to Summerside.  Sussmeier further agrees that this amount of $25,000 is fair and reasonable compensation to Summerside for a breach of the representations and warranties in Paragraph 1, above, given Summerside's reliance upon such representations and warranties in executing this settlement agreement;

b.    Summerside, at its sole and exclusive discretion, may commence a renewed action against the Sussmeier Defendants, or any of them, and may seek additional monetary damages from the Sussmeier Defendants in excess of $25,000.00 to compensate Summerside for its losses incurred in connection with the Tribute Show.

6.2    In the event that Summerside commences a renewed action pursuant to the foregoing Paragraph 6.1(a) or 6.1(b), the Sussmeier Defendants, and each of them, hereby agree to fully waive and not to assert any defense based upon the statute of limitations, laches, or the timing of the commencement of such a renewed action.  Without limitation to the provisions of the foregoing sentence, the Parties agree that all relevant statute of limitations shall be deemed as tolled as to claims against the Sussmeier Defendants from the period from the commencement of the Action until the commencement of any renewed action pursuant to the foregoing Paragraph 6.1.

7.    **Unknown Claims**.  Each of the Parties further acknowledges that it has been advised of the existence of Section 1542 of the California Civil Code, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Notwithstanding such provision, this Settlement Agreement shall constitute a release in accordance with its terms.  Each of the Parties knowingly and voluntarily waives the provisions of Section 1542.

8.    **Parties to Bear Own Fees and Costs.**  Each Party shall bear all of its fees, expenses, and costs incurred in connection with any aspect of the Action.

9.    **Authority to Enter into Settlement Agreement.**  Each individual signing this Settlement Agreement warrants and represents that he or she has full knowledge and ability to make the representations and warranties contained herein, and full authority to execute the same on behalf of the Party on whose behalf he or she signs.  Each Party hereto agrees to execute all documents and instruments necessary to implement this Settlement Agreement.

10.    **Binding Effect.**  This Settlement Agreement shall bind and inure to the benefit of the Parties hereto and their respective predecessors, successors, heirs, and assigns.

11.    **Amendment.**  This Settlement Agreement may not be amended, modified, or terminated, in whole or in part, except by an instrument in writing duly executed by the Parties or their authorized representatives.

12.     **Governing Law.**  This Settlement Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of California, without giving effect to its choice of law provisions.   The parties agree to the exclusive venue and jurisdiction of the U.S. District Courts of California.

13.     **Joint Preparation.**  This Settlement Agreement shall be construed without regard to the Party or Parties responsible for its preparation, and shall be deemed as prepared jointly by the Parties hereto.  In resolving any ambiguity or uncertainty existing herein, the Parties agree that no consideration or weight shall be given to the identity of the drafting Party.

14.     **No Admission or Denial of Liability and No Third Party Beneficiaries**. The parties have entered into this Settlement Agreement for purposes of resolving their disputes, and no party has admitted to or denied liability by virtue of entering into this agreement (including, but not limited to, admitting or denying liability for fraud).  No person or entity shall be considered a third party beneficiary of, or otherwise entitled to any rights or remedies under this Settlement Agreement, except with respect to the releases expressly provided for herein.

15.     **Integration and Severability.**  This Settlement Agreement constitutes the entire agreement and understanding between the Parties concerning the subject matter hereof and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating thereto.  This Settlement Agreement may be amended, modified, canceled, or waived only by a written instrument that expressly refers to this Settlement Agreement and is executed subsequent to this Settlement Agreement by duly authorized representatives of each of the Parties. If any part, term, or provision of this Settlement Agreement is held by a court or other tribunal to be invalid, illegal, or otherwise unenforceable, such part, term, or provision shall be inoperative and void insofar as it is in conflict with law, but the validity of the remaining parts, terms, or provisions shall not be affected and the rights and obligations of the Parties shall be construed and enforced as if this Settlement Agreement did not contain the particular part, term, or provision held to be invalid or unenforceable.

16.     **Headings.**  The headings and captions used in this Settlement Agreement are for convenience only and shall not be deemed to affect in any way the language of the provisions to which they refer.

17.     **Counterparts.**  This Settlement Agreement may be executed by facsimile or PDF and in any number of counterparts, each one of which shall have the same force and effect as an original, and all of which shall constitute one and the same instrument.

EACH PARTY ACKNOWLEDGES THAT IT HAS READ THIS ENTIRE DOCUMENT, FULLY UNDERSTANDS ITS TERMS AND EFFECTS, HAS CONSULTED WITH ITS OWN INDEPENDENT COUNSEL IN RELATION HERETO, AND HAS HAD ALL OF ITS QUESTIONS ANSWERED BY SUCH COUNSEL.  EACH PARTY ACKNOWLEDGES THAT IT IS FREELY AND VOLUNTARILY ENTERING INTO AND EXECUTING THIS SETTLEMENT AGREEMENT.

**IN WITNESS WHEREOF,** the Parties, and each of them, have executed and dated this Settlement Agreement next to their respective signatures.

Dated:     9 April 2013

KATRINA BERG SUSSMEIER, IN HER INDIVIDUAL CAPACITY AND ON BEHALF OF STARLINK, LLC AND STARLINK, INC.

By: _____

Katrina Berg Sussmeier

Dated:     12 April 2013

CITY OF SUMMERSIDE

By: _____

Its: BASIL STEWART MAYOR

Gordon MacFarlane - CAO